UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF
CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND,
and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE
CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN
NEW YORK, and the NEW YORK CITY
DISTRICT COUNCIL OF
CARPENTERS,
                         Petitioners,

         -v-

SOUTH ISLAND INSTALLERS, INC.,
                         Respondent.

22-CV-4833 (JPO)

ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Petitioners, various trustees of employee benefit funds ("the Funds") and the New York City District Council of Carpenters ("the Union"), bring this action against Respondent South Island Installers, Inc. under Section 301 of the Labor Management Relations Act of 1947 to confirm and enforce an arbitration award issued by Arbitrator Richard Adelman on March 22, 2022. For the reasons that follow, Petitioners' motion is granted.

**I.    Background**

      At all relevant times, Respondent was a member of the Association of Wall-Ceiling and Carpentry Industries of New York, Inc. (Dkt. No. 1 at 3). As a member of the Association, Respondent agreed to be bound by all agreements entered between the Association and the

1

Union. *Id.* A collective bargaining agreement between the Union and the Association required Respondent "to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union." *Id.* Following an audit for the period of December 27, 2018 to March 31, 2021, Petitioners claimed that Respondent had been deficient in making its required contributions. *Id.* Petitioners initiated arbitration proceedings. On March 22, 2022, Arbitrator Richard Adelman ordered Respondent to pay the Funds a total of $349,744.66, comprising (1) the deficient fund payments; (2) interest; (3) liquidated damages; (4) late payment interest; (5) promotional fund contributions; and (6) court, attorney, arbitration, and audit fees. (*Id.* at 5).

On June 9, 2022, Petitioners filed a petition to confirm the arbitration award. (Dkt. No. 1). Respondent was served with the Summons and Petition on June 13, 2022 at the office of the New York Secretary of State. (Dkt. No. 7). No appearance has been entered on Respondent's behalf and no response to the Petition was filed in the allotted time.

**II.    Discussion**

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. "[T]he showing required to avoid summary confirmation of an arbitration award is high." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted). Even "a barely colorable justification for the outcome reached" in an arbitration is sufficient for confirmation. *Kolol Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

2

*Irrevocable Trust*, 729 F.3d 99, 103-04 (2d Cir. 2013) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).  A court may only deny a petition to confirm an arbitration award on a limited number of grounds, including: "corruption, fraud, or undue means;" "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law."  9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

When a party has failed to appear and contest the motion to confirm arbitration, "the Court must still 'examin[e] the moving party's submission to determine if it has met its burden.'" *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, 2015 WL 5146093, at *1 (S.D.N.Y. Aug. 31, 2015) (Nathan, J.) (quoting *D.H. Blair & Co.*, 462 F.3d at 110).  The plaintiff's motion is "evaluated under the legal standard applicable to a motion for summary judgment." *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, there is no evidence of a genuine dispute as to any material fact, and Petitioners are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The collective bargaining agreement permits Petitioners to seek arbitration in the event of Respondent's delinquency, and Arbitrator Adelman did not exceed his authority.  Given the record established by the Arbitrator's Award, and the fact that Respondent has presented no evidence of any basis for vacatur, the petition is granted.

**III.    Conclusion**

For the foregoing reasons, Petitioners' petition to confirm the Arbitration Award is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $349,744.66, plus $1,122 in attorneys' fees and $77 in costs, with post-judgment statutory interest, and to close this case.

Petitioners are directed to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: October 14, 2022
       New York, New York

                                                  J. PAUL OETKEN
                                           United States District Judge